# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEXANDER CONTE HALL, | ) | Case No.: 1:19-cv-00056 -DAD- JLT |
| Plaintiff, | ) ) | ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |
| v. | ) ) | FOR HIS FAILURE TO PROSECUTE THE ACTION AND PAY THE FILING FEE |
| ROBERT A. CROW, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

Plaintiff initiated this action by filing a complaint on January 10, 2019. (Doc. 1) However, he did not pay the filing fee. Although the Court directed Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* (Doc. 2), Plaintiff has failed to comply with the Court's order.

As the Court informed Plaintiff previously, as a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1915(a). The Court may authorize the commencement of an action without the filing fee "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee **only if** leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Despite receiving this information from the Court, Plaintiff failed to take any action to prosecute this action through paying the filing fee, or filing an application to proceed *in forma pauperis.*

1

In addition, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Thus, Plaintiff is **ORDERED** to show cause in writing no later than **March 15, 2019**, why the action should not be dismissed for his failure to prosecute this action and failure to pay the filing fee. In the alternative, by the same date, Plaintiff may file a motion to proceed *in forma paupers* or pay the filing fee.

IT IS SO ORDERED.

    Dated:   **February 20, 2019**          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE