# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER CONTE HALL, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. CROW, et al. <br><br> Defendant. | Case No.: 1:19-cv-0056 -DAD-JLT <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff has failed to prosecute this action by failing to serve the summons and complaint and he was failed to comply with the Court's order to serve the documents, the Court recommends the action be **DISMISSED** without prejudice.

**I.     Relevant Background**

Plaintiff initiated this action by filing a complaint on January 10, 2019. (Doc. 1) After he paid the filing fee on March 7, 2019, the Court issued the summons and its order setting a mandatory scheduling conference for June 3, 2019. (Docs. 8, 9) In the order setting the conference, the Court indicated:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. Failure to timely serve the summons and complaint may result in the imposition of

sanctions, including the dismissal of unserved defendants. (Doc. 7 at 1) Despite this, Plaintiff failed filed a proof of service of the summons and complaint.

On May 22, 2019, the Court issued an order to Plaintiff to show cause why sanctions— including dismissal of the action— should not be imposed for his failure to comply with the Court's order and failure to prosecute. (Doc. 10) In the alternative, the Court ordered Plaintiff to file proof of service no later than June 7, 2019. (*Id.* at 1) Plaintiff failed respond to the orders.

On June 11, 2019, the Court issued Findings and Recommendations that the action be dismissed without prejudice for Plaintiff's failure to prosecute the action and failure to comply with the Court's orders. (Doc. 11) On July 8, 2019, Plaintiff belatedly objected to the recommendations, reporting he had attempted service but was hampered by his limited resources and in-custody status. (Doc. 13 at 2) Therefore, Plaintiff requested the Court "allow him additional time to [serve] defendant the summons and complaint." (*Id.* at 3) Accordingly, the Court withdrew the recommendation for dismissal and granted Plaintiff an additional thirty days to serve the summons and complaint and file proof of service. (Doc. 13 at 2) Plaintiff was "advised that his failure to comply with this order will result in a recommendation that the matter be dismissed." (*Id.* at 2) To date, Plaintiff has not filed proof of service, or taken any other action to continue prosecuting his complaint.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

///

**III.     Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

**B.     Prejudice to Defendants**

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not served the summons and complaint, or taken any action to further his prosecution of the action, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal.

**C.     Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering

the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in the order setting a settlement conference that "[f]ailure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants." (Doc. 7 at 1) Again in the order to show cause, Plaintiff was "**advised that failure to comply will result in a recommendation that the matter be dismissed**." (Doc. 10 at 2, emphasis in original) Finally, in granting Plaintiff an extension of time to serve the summons and complaint, and file proof of service, the Court again advised Plaintiff that "**his failure to comply with this order will result in a recommendation that the matter be dismissed**." (Doc. 13 at 2) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the repeated warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Findings and Recommendations

Plaintiff failed to comply with the Court's orders dated March 11, 2019 (Doc. 7) and July 11, 2019 (Doc. 13) and failed to prosecute this action through serving the summons and complaint upon the

defendant. Based upon the foregoing, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The Clerk of Court be **DIRECTED** to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 13, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE